# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2022

Lyle W. Cayce
Clerk

No. 21-60499
Summary Calendar

─────────

Gurkirat Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

─────────

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 676 290

─────────

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Gurkirat Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the immigration judge (IJ) denying his applications for asylum, withholding of removal, and relief under the Convention Against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Torture (CAT). The BIA affirmed the IJ's adverse credibility determination. The IJ specifically found that Singh was not credible regarding various assertions he made with respect to his claim that he was attacked because he converted to Christianity.

Singh contends that the IJ erred by excluding from the record various exhibits that were not timely filed and by using one of those excluded exhibits as a basis for the adverse-credibility determination. Because Singh did not raise these arguments in his appeal to the BIA and raises them for the first time in his petition, we lack jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1); *Martinez-Guevara v. Garland*, 27 F. 4th 353, 360 (5th Cir. 2022); *Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009). We also lack jurisdiction to consider his arguments that the IJ violated his due process rights, because those arguments—also raised for the first time in his petition—implicate procedural errors correctable by the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

As he did in his appeal to the BIA, Singh challenges the BIA's credibility determination, raising various arguments addressing the inconsistencies identified by the IJ. However, the IJ and the BIA cited "specific and cogent reasons derived from the record" to support the adverse credibility determination. *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (internal quotation marks and citation omitted). Singh has failed to demonstrate that it is clear from the totality of the circumstances that no reasonable factfinder could make an adverse credibility ruling in his case. *See Wang v. Holder*, 569 F.3d 531, 538-40 (5th Cir. 2009). Without credible evidence, there was no basis for the BIA to grant asylum or withholding of removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

Further, the record does not compel a conclusion different from the BIA's determination that the objective evidence of record did not establish a

No. 21-60499

likelihood that Singh would be tortured by or with the acquiescence of the government. *See Arulnanthy v. Garland*, 17 F.4th 586, 597-98 (5th Cir. 2021). Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.